Daniel, Judge.
The defendant (the endorser of the bond,) pleaded “ accord and satisfaction,” and on the trial offered to prove, that at the time of the endorsement, it was agreed between himself and the plaintiff’s intestate, that if he would execute a deed for a certain tract of land to the endorsee, then the endorsement should be stricken out, and that he, the eiflfcer, should be released from all liability; and that in did afterwards execute and deliver to the endorsee, (the plaintiff’s intestate,) a deed for the said tract of land. The Court rejected this evidence, on the ground that it would establish a contract variant from that contained in the endorsement. It seems to us, that the Court misconceived the object of the defendant. It was not to set up by parol evidence an executory contract, made at the time of the endorsement, variant from that which the law raised from the written endorsement itself; hut it was intended to shew from the agreement respecting the land, entered into at the time of the endorsement, and from the endorsee’s taking the deed for that very tract of land at a subsequent time, a subsisting agreement carried into full ex *91 -ecution by the parties subsequent to the time of the endorsement, so as to amount to an accord and satisfaction of the defendant’s liability under the written endorsement. In this light we think the evidence, was admissible. The defendant wished to shew by the, evidence that he was discharged from the endorsement, by the endorsee’s subsequently receiving satisfaction, by accepting a deed for the land ; and that the accord was repeated by the parties at the time the deed was accepted, was a fact which might fairly be inferred by the jury from the evidence. We are of opinion that there must be a new trial.
Per Curiam. Judgment reversed.